United States District Court
Eastern District of Michigan
Northern Division

United States of America,

    Plaintiff,

v.

Robert Rosales Rivero,

    Defendant.
_____/

Case No. 25-mj-30011
25-20915
Magistrate: Patricia Morris
Hon. Thomas L. Ludington

# Plea Agreement

The United States of America and the defendant, Robert Rosales Rivero, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

1. **Count of Conviction**

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the Information. Count 1 charges the defendant with Conspiracy to Commit Bank Larceny under 18 U.S.C. § 371.

2. **Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

|         | Term of imprisonment:       | Up to 5 years           |
|---------|-----------------------------|-------------------------|
| Count 1 | Fine:                       | Not more than $250,000  |
|         | Term of supervised release: | Up to 3 years           |

### 3. Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional bank larceny charges against the defendant for the conduct reflected in the Information.

### 4. Elements of Count of Conviction

The elements of Count 1 are:

1. Two or more persons conspired, or agreed, to commit the crime of bank larceny.

2. Defendant knew of the conspiracy and its objects/aims/goals.

3. Defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of bank larceny*; and

4. A member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

* The elements of bank larceny (18 U.S.C. § 2113(b)) are:

1. Defendant took and carried away money belonging to and in the care, custody, control, management, and possession of a bank;

2. At that time, the bank had its deposits insured by the Federal Deposit Insurance Corporation;

3. Defendant carried away such money with the intent to steal; and

4. Such money exceeded $1,000 in value.

5. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Beginning on a date unknown, but not later than on or about September 22, 2024, and continuing thereafter until on or about October 6, 2024, in the Northern Division of the Eastern District of Michigan, and elsewhere, defendant knowingly and intentionally conspired and agreed with others to take and carry away with intent to steal and purloin money exceeding $1,000 belonging to, and in the care, custody, control, management, and possession of Victim 1 Bank, and money exceeding $1,000 belonging to, and in the care, custody, control, management, and possession of Victim 2 Bank, each a bank, the deposits of which were then

insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. §§ 2113(b) and 371.

Defendant and his co-conspirators agreed to engage in a "jackpotting" scheme, wherein they obtained access to automated teller machines (ATMs) owned by the victim federally-insured banks by breaking into each ATM cabinet housing the hard drive or otherwise accessing the ATM without lawful authority. The object of the conspiracy was to steal United States currency.

To avoid detection while accessing the ATM, the conspirators used certain methods of transportation, including a black electric scooter, to come and go from the ATM at various times. Once the conspirators removed the hard drive of the ATM or otherwise accessed the ATM without lawful authority, they installed malicious software (malware) on the hard drive that allowed them to use the ATM screen and other electronic devices to send commands to the hard drive through the malware. The conspirators then programmed the malware installed on the hard drive so that the ATM would dispense U.S. currency contained in the machine without any legitimate ATM transaction. While communicating with other conspirators by cellular telephone and

exchanging photographs of the ATM screen, the conspirators caused the ATM to dispense its U.S. currency.

In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Michigan and elsewhere:

1. On or about September 22, 2024, at approximately 12:58 a.m., the conspirators traveled to a Victim 1 Bank location at 1876 N. Winn. Rd. in Weidman, Michigan and caused the ATM to dispense $30,650 without linking the withdrawals to a legitimate ATM transaction.

2. On or about September 22, 2024, at approximately 12:19 p.m., the conspirators traveled to a Victim 1 Bank location at 240 E. Northern Ave. in Barryton, Michigan and caused the ATM to dispense $29,785 without linking the withdrawals to a legitimate ATM transaction.

3. On or about September 22, 2024, at approximately 5:45 p.m., the conspirators traveled to a Victim 1 Bank location at 2222 N. Saginaw Rd. in Midland, Michigan and caused the ATM to dispense $23,200 without linking the withdrawals to a legitimate ATM transaction.

4. On or about September 22, 2024, at approximately 8:09 p.m., the conspirators traveled to a Victim 1 Bank location at 1125 N. McEwan St. in Clare, Michigan and caused the ATM to dispense $24,000 without linking the withdrawals to a legitimate ATM transaction.

5. On or about October 6, 2024, in the District of Minnesota, at approximately 6:25 p.m., the conspirators traveled to a Victim 2 Bank location at 9725 163rd Street W. in Lakeville, Minnesota and caused the ATM to dispense $14,400 without linking the withdrawals to a legitimate ATM transaction.

## 6. Advice of Rights

The defendant has read the Information, has discussed the charge and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

- A. The right to plead not guilty and to persist in that plea;

- B. The right to a speedy and public trial by jury;

- C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

- D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

- E. The right to confront and cross-examine adverse witnesses at trial;

- F. The right to testify or not to testify at trial, whichever the defendant chooses;

- G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

- H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

- I. The right to compel the attendance of witnesses at trial.

## 7. Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

1. U.S.S.G. § 2B1.1(a)(2): Larceny – base offense level;

2. U.S.S.G. § 2B1.1(b)(1): Loss exceeding $95,000; and

3. U.S.S.G. § 4C1.1(a): Adjustment for certain zero-point offenders.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any

way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

9. **Imposition of Sentence**

   **A. Court's Obligation**

   The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

   **B. Imprisonment**

   **1. Recommendation**

   Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of defendant's guideline range as determined by the Court.

   **2. No Right to Withdraw**

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

The parties have no recommendation as to supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will

not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

The parties have no agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the

purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F. Forfeiture

The defendant agrees, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to forfeit to the United States, without contest, any property real or personal, which constitutes or is derived from proceeds traceable to the conspiracy underlying his violation of Count One of the Information. Defendant agrees this includes, but is not limited to, the entry of a forfeiture money judgment against him in favor of the United States of America in an amount to be determined by the court, but no less than $122,035, which represents the proceeds traceable to the offense charged in the Information.

Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, defendant explicitly agrees to the forfeiture of any assets he has now, or may later

acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. The Forfeiture Money Judgment shall be reduced by the net amount of proceeds ultimately forfeited to the United States.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure. Defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the firearms and ammunition referenced above. The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

### 10. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of

imprisonment exceeds the top of the guideline range as determined by the Court.

11. **Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

12. **Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty plea, or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he understands waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the

factual basis set forth in this agreement, against the defendant in any proceeding.

### 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any

forfeiture claim against any property, by the United States or any other party.

### 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by **4:00pm** on **January 2, 2026**. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Jerome F. Gorgon Jr.
United States Attorney

_____
Anthony P. Vance
Chief, Branch Offices
Assistant United States Attorney

_____
Grant Newman
Assistant United States Attorney

Dated: October 27, 2025

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and

representation.

_____  _____
Elias Escobedo                                               Robert Rosales Rivero
Attorney for Defendant                               Defendant

Dated: 12/9/2025